UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 05 CR 472-16 |
| ) | Hon. John W. Darrah |
| ROBERT VALLAR ) | |

## MEMORANDUM OPINION AND ORDER

On May 25, 2005, the United States of America (the "Government") brought a criminal indictment against Defendant Robert Vallar and other alleged members of an international drug smuggling organization, charging them with conspiring to possess with intent to distribute and with distributing controlled substances in violation of 21 U.S.C. § 846.

On March 26, 2007, the trial of Defendant Vallar and co-Defendants Amador Hernandez and Eladio Pedroza, Sr. began. During the course of the trial, the Government called Juan Carlos Iniguez as a witness. Over several days on the stand, Iniguez detailed the narcotics distribution operation, including his arrangements with Juan Sanchez, the source of supply in Mexico, the use of couriers and others to transport narcotics from Mexico to various customers located in Illinois, Kentucky and Ohio, and the return of drug proceeds to Sanchez and others in vehicles equipped with hidden compartments. Iniguez's testimony was corroborated by recorded conversations of the Defendants intercepted pursuant to a Title III wiretap, agent surveillance, drug and money seizures and the confessions of two of the three Defendants. On April 13, 2007, a jury convicted all three Defendants on all counts of the indictment.

Currently before the Court are Defendant Vallar's Motions for Judgment of Acquittal and, in the alternative, for a New Trial.

1

## LEGAL STANDARD

Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (*Blassingame*), quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997). In the case of the coercion defense, "if any rational trier of fact could have found that the government proved [the defendant] had not met one or more elements of the coercion defense, the judgment should be affirmed." *United States v. Jocic*, 207 F.3d 889, 892 (7th Cir. 2000) (*Jocic*).

Federal Rule of Criminal Procedure 33 allows a trial court to grant a new trial on the motion of the defendant "if required in the interests of justice." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). A motion for a new trial is not favored and should only be granted with great caution. In order to obtain a new trial, a defendant must demonstrate that his substantial rights have been jeopardized. *United States v. Reed*, 986 F.2d 191, 192 (7th Cir. 1993).

## ANALYSIS

Defendant Vallar brings two motions: a Motion for Judgment of Acquittal Notwithstanding the Verdict under Federal Rule of Criminal Procedure 29(c) and a separate Motion for a New Trial under Federal Rule of Criminal Procedure 33.

Both of Defendant Vallar's Motions assert that the jury's finding of guilt was against the manifest weight of the evidence presented at trial. The Rule 33 Motion also claims that: (1) the Court erred in denying Defendant Vallar's previously filed Motion to Suppress his post-arrest statements and (2) the Government failed to prove beyond a reasonable doubt that he joined any conspiracy as specifically alleged in the indictment. Here, Defendant Vallar claims that the Government only established that there was a buyer/seller relationship between Defendant Vallar and Iniguez, which involved, at most, a purchase of five kilograms of cocaine by Defendant Vallar and not more than one-hundred kilograms distributed by the co-conspirators.

Defendant Vallar's argument that the Court erred in denying his Motion to Suppress is groundless. The Court denied Defendant Vallar's Motion to Suppress after an evidentiary hearing in a full detailed ruling, *United States v. Defendant Vallar*, No. 05cr472, 2006 WL 1156739, *4 (N.D. Ill., Apr. 27, 2006). Defendant Vallar has presented no grounds to reconsider that ruling.

Further, Defendant Vallar has not shown that the verdict against him should be overturned because of insufficient evidence. This is required only if "the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Teague*, 956 F.2d 1427, 1433 (7th Cir. 1992) (emphasis added). The evidence at trial showed:

- Defendant Vallar confessed to receiving two kilograms of cocaine from Iniguez in the month prior to his arrest. Defendant Vallar's confession was corroborated by Iniguez, who testified that Defendant Vallar was provided with additional quantities of cocaine from earlier shipments received from Mexican drug supplier Sanchez. Prior to his arrest,

3

- Defendant Vallar obtained large quantities of narcotics – two kilograms of cocaine, a distribution amount that was sufficient for hundreds or more individual doses, according to the testimony of Agent Fowler.
- The Title III wiretap of calls between Iniguez and Defendant Vallar confirmed Defendant Vallar's role in the conspiracy. Defendant Vallar spoke with Iniguez in code, as did other members of the conspiracy. Further, on several occasions, Defendant Vallar advised Iniguez when he would have money for Iniguez. In one call, Iniguez advised Defendant Vallar of his recent delivery of a bulk payment of cash to Los Angeles; and Defendant Vallar's response acknowledged Iniguez's narcotics trafficking activity.
- Defendant Vallar was observed by agents in the alley behind co-Defendant Hernandez's house after Iniguez had called Hernandez and had directed Hernandez to provide the "old black man" (Defendant Vallar is African American) with "one hammer" (a phrase that, Iniguez testified, referred to one kilogram of cocaine).
- Iniguez provided cocaine to Defendant Vallar on credit, and recorded conversations between them proved that the narcotics Iniguez was providing to Defendant Vallar were being resold to others.

Based on these facts, and the other evidence presented at trial, Defendant Vallar has not met his burden of showing that his participation in a conspiracy with co-conspirator Iniguez was insufficient. Indeed, a relationship involving the sale of narcotics is conspiratorial in nature as opposed to that of a mere buyer and seller when the transactions involve "large quantities of drugs, prolonged cooperation between the parties, standardized dealings, and sales on credit." *United States v. Berry*, 133 F.3d 1020, 1023 (7th Cir. 1998). Thus, the evidence was more than

sufficient to prove Defendant Vallar guilty of the narcotics conspiracy charged in Count One of the indictment beyond a reasonable doubt.

To the extent that Defendant Vallar's Motions can be interpreted as contending that the evidence proved only that he purchased five kilograms and is somehow insufficient to prove the charges against him, the amount and type of a controlled substance are not elements of any offense charged in this case. *United States v. Trennell*, 290 F.3d 881, 887 (7th Cir. 2002) ("drug quantity is not an element of the offense under § 841"). Accordingly, any alleged failure of proof with respect to either the amount or nature of the controlled substances in this case would not be grounds for granting Defendant Vallar's Motion for Judgment of Acquittal.[1]

---

[1] The type and amount of a controlled substance may impact the statutory maximum because the government must prove to a jury beyond a reasonable doubt any fact that exposes Defendant Vallar to a higher maximum sentence. *See, e.g., United States v. Macedo*, 371 F.3d 957, 963 (7th Cir. 2004). Thus, to the extent Defendant Vallar's Motion for Judgment of Acquittal is construed as an attack on the statutory maximum he faces, it is clear that the evidence at trial supports the jury's finding that the conspiracy involved in excess of five kilograms of cocaine. Iniguez testified, among other things, about a seizure of over twenty kilograms of narcotics from Juan Abraham Magana, multiple shipments of narcotics from Juan Sanchez in the fall of 2004 (a portion of which went to Defendant Vallar), thirty kilograms of cocaine obtained from Atlanta, and a sixteen-kilogram load of cocaine obtained from Los Angeles. Iniguez's testimony concerning the quantities of narcotics involved in the conspiracy was confirmed by seizures of more than twenty kilograms of cocaine from Juan Abraham Magana at the border, together with the seizure of two kilograms of cocaine and one kilogram of heroin at a McDonald's restaurant. Moreover, Iniguez testified that he supplied Defendant Vallar with two kilograms of cocaine in or about April 2005 and several kilograms of cocaine in late 2004; and Defendant Vallar confessed to acquiring two kilograms of cocaine from Iniguez in the month prior to his arrest.

5

## CONCLUSION

For the foregoing reasons, the Motions for Judgment of Acquittal and, in the alternative, for a New Trial filed by Defendant Vallar are denied.

Date: 6/28/07

JOHN W. DARRAH
United States District Court Judge